**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HENRY CRAIG JENKINS,
Plaintiff-Appellant,

v.

KENNETH L. C. NETTLES; THE UNITED
RUBBER, CORK, LINOLEUM AND

PLASTIC WORKERS OF AMERICA;
LOCAL 959OF THE UNITED RUBBER,
CORK, LINOLEUM AND PLASTIC
WORKERS OF AMERICA,
Defendants-Appellees.

No. 96-2295

Appeal from the United States District Court for the
Eastern District of North Carolina, at Raleigh.
Alexander B. Denson, Magistrate Judge.
(CA-95-116-5-DE)

Submitted: June 24, 1997

Decided: August 25, 1997

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clifford Leon Lee, II, THE LEE LAW FIRM, P.A., Fayetteville,
North Carolina, for Appellant. Charles R. Armstrong, UNITED
STEELWORKERS OF AMERICA, Akron, Ohio, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Craig Jenkins filed this action in state court against the United Rubber Workers International Union, United Rubber Workers Local 959 (the local), and the local's president, Kenneth L. C. Nettles. He alleged that Nettles and the local had been grossly negligent in representing him in arbitration of a grievance on Jenkins's behalf. Jenkins had been discharged from Kelly-Springfield Tire and Rubber Co. in Fayetteville, North Carolina. During the course of negotiation, Kelly-Springfield offered to settle the grievance by giving Jenkins his job back. Nettles rejected the offer, and Jenkins alleges that Nettles failed to inform him of the offer. The arbitrator ultimately upheld the company's action.

Jenkins filed an action in state court against these parties, alleging that the failure to inform him of the offer constituted gross negligence. Defendants removed the action to federal court. The magistrate judge, hearing the case pursuant to 28 U.S.C. § 636(c) (West 1993 & Supp. 1997), granted summary judgment for defendants and Jenkins appeals. We affirm.

The magistrate judge held that Jenkins's state law claim was pre-empted by federal law. On appeal, Jenkins asserts that a plaintiff has the option of bringing such a claim in state court, as there is no need for national uniformity in this type of case. He argues that the failure to inform issue, in isolation, does not require federal consistency.

Under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) (1994), suits for violation of collective bargaining agreements may be filed in federal court. Federal courts have the duty to develop a federal common law of labor rights. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985). A purportedly state law claim that depends for resolution on analysis of the terms of a collective bar-

2

gaining agreement must be treated as a § 301 claim or dismissed as preempted. <u>Davis v. Bell Atlantic-West Virginia, Inc.</u>, 110 F.3d 245, 247 (4th Cir. 1997). State tort claims are preempted when reference to a collective bargaining agreement is necessary to determine if a duty of care exists or the scope of that duty. <u>McCormick v. AT & T Technologies, Inc.</u>, 934 F.2d 531, 536 (4th Cir. 1991).

In this case, Jenkins asserts that Nettles negligently represented him to the employer by failing to inform Jenkins of a settlement offer. As Jenkins admitted in his deposition, any duty Nettles or the local might have had toward Jenkins arose from the collective bargaining agreement. Therefore, this state law claim is preempted by federal law and was properly dismissed.

Jenkins also argues that summary judgment was improperly entered on his federal cause of action under § 301. Jenkins claims that Nettles and the local breached a duty of fair representation. Such a breach occurs when the union's conduct toward a member is arbitrary, discriminatory, or in bad faith. <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967). Allegations of mere negligence are not enough to meet this standard. <u>United Steelworkers of America v. Rawson</u>, 495 U.S. 362, 372-73 (1990). A union's actions are arbitrary as to the duty of fair representation "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational." <u>Air Line Pilots Ass'n, Int'l v. O'Neill</u>, 499 U.S. 65, 67 (1991).

In this case, Jenkins alleged that Nettles's failure to inform him of the company's offer was grossly negligent. Although he suggests that the jury might find Nettle's action arbitrary and in bad faith, he has offered no facts that would support such a finding. Therefore, Jenkins has failed to meet his burden in the face of the summary judgment motion to affirmatively demonstrate that a genuine issue of material fact exists for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

We affirm the decision of the magistrate judge granting summary judgment for Nettles, the union, and the local. We dispense with oral argument because the facts and legal contentions are adequately pres-

3

ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4